# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| CYPRESS PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRS MANAGEMENT, INC., <br><br> Defendant. | Civil Action No. 3:10-cv-00691-TSL-MTP |

## AGREED STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to this action believe that certain answers, documents, or other materials provided in response to interrogatories, requests for admissions, requests for production of documents and things, or depositions of the parties, their employees or former employees or other persons which are or will be encompassed by discovery may contain confidential trade secrets or other confidential research, development, or commercial or other proprietary information (hereinafter "CONFIDENTIAL INFORMATION"") within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes that it would serve the interests of the parties and the discovery process to conduct this action under a consolidated protective order and that good cause for the entry of such an order exists as required by Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1.      All documents, things, and answers, including specifically any transcripts of any depositions or proceedings (and all exhibits thereto), are provided solely for the purposes of this

action and may not be used or disclosed for any other purpose, subject to the further provisions of this Protective Order.

2. The restrictions provided for in this Order shall continue in force until further order of the Court; provided, however, that this Order shall not be construed: (a) to prevent a party from freely using information which it lawfully possessed before such information was provided to it in this action; (b) to apply to information which is or was public knowledge at the time of or prior to designation in this action, or which, after such designation, becomes public knowledge other than by act or omission of a non-designating party in violation of this Protective Order; (c) to apply to information which a non-designating party has lawfully obtained or may hereafter lawfully obtain from a non-party to this action having the right to disclose such information free of obligation of confidentiality; or (d) to apply to information disclosed or disseminated by the non-designating party before entry of this order or before identification of information as "CONFIDENTIAL pursuant to paragraphs 3 and 9 below.

3. Each party may designate documents and things produced by it, and answers to interrogatories and responses to other discovery as "CONFIDENTIAL" to the extent that it believes such documents, things, answers and responses contain CONFIDENTIAL INFORMATION (hereinafter "CONFIDENTIAL MATERIALS").  Such designations shall be made by marking the document or thing with the legend "CONFIDENTIAL."  For documents, each page of the document which contains CONFIDENTIAL INFORMATION shall be so marked in a prominent location and, in the case of a thing, the legend "CONFIDENTIAL" shall be securely affixed to the thing in a prominent location.  Any written discovery response containing CONFIDENTIAL INFORMATION shall be marked with the legend "CONFIDENTIAL" and shall be bound separately from responses not containing

CONFIDENTIAL INFORMATION. All CONFIDENTIAL MATERIALS produced by any party shall not be disclosed, published or produced to any non-party except as provided herein.

4. Except as hereinafter provided, CONFIDENTIAL INFORMATION and/or CONFIDENTIAL MATERIALS shall be used solely for purposes of this action and shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than the following:

(a) The parties and their current officers, directors and employees;

(b) Counsel for the parties;

(c) The Court and Court staff;

(d) Clerical personnel, support staff and paralegals employed by the parties' counsel in the ordinary course of assisting counsel;

(e) Court reporters, videographers and other vendors engaged by the parties or court in the ordinary course of the proceedings;

(f) Persons retained or proposed to be retained as expert consultants or expert witnesses on behalf of the parties' counsel in this litigation, provided such persons execute the Undertaking set forth in paragraph 5 *infra; and*.

(g) Other persons or witnesses who testify or are deposed in this matter, provided such persons execute the Undertaking set forth in paragraph 5 *infra*

5. All persons to whom CONFIDENTIAL MATERIALS or CONFIDENTIAL INFORMATION governed by this Order is disclosed, including experts, shall be bound by the terms of this Order. Prior to such disclosure, each such person listed in subparagraphs (f)-(g) of paragraph 4, supra, shall be provided with a copy of this Order by the person who is disclosing the information and shall execute, under oath, the "Undertaking" attached to this Order as EXHIBIT A. Counsel to whom CONFIDENTIAL MATERIALS or CONFIDENTIAL INFORMATION is disclosed shall keep the original of all such signed Undertakings.

6. Copies and samples of CONFIDENTIAL MATERIALS bearing the identification specified in paragraph 3 hereof shall not be made public by the party to whom they are disclosed, unless they become a part of the public record of this action or are otherwise excluded by coverage of this agreement in accordance with paragraph 2. To the extent it is necessary to file any such CONFIDENTIAL MATERIALS in connection with further proceedings in this action, such CONFIDENTIAL MATERIALS shall be filed under seal with the Court accompanied by an appropriate motion to seal in compliance with L.U. Civ. R. 79(d).

7. This Protective Order shall not foreclose any party from moving this Court for an Order that materials bearing the identification specified in paragraph 3 hereof are, in fact, not CONFIDENTIAL MATERIAL. On such motion, the party designating materials or information as "CONFIDENTIAL" shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure.

8. This Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from modifying this Protective Order by mutual agreement, subject to the approval of the Court.

9. From the date of the entry of this Order forward, nothing in this Protective Order shall diminish any party's right to contend that the documents or information produced in response to discovery requests served herein that have been produced without a designation of "CONFIDENTIAL" are nonetheless confidential, proprietary, and/or subject to appropriate protection under the law. Upon learning that any such materials have been inadvertently provided to an opposing party, the party who claims that such CONFIDENTIAL INFORMATION or CONFIDENTIAL MATERIALS has been inadvertently produced shall (a) provide the opposing party with a replacement copy of the document or information properly

designated as "CONFIDENTIAL" and (b) serve a written request to the opposing party for return or destruction of any copies of such CONFIDENTIAL INFORMATION or CONFIDENTIAL MATERIALS which are not properly designated "CONFIDENTIAL." The opposing party shall promptly return or destroy the materials claimed to have been inadvertently provided, and shall not use any such materials in connection with this action.

10. To the extent that a party believes, in good faith, that a document, thing or answer provided in discovery reveals competitive, proprietary, trade secret, financial, or personal information of a particularly high sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), that disclosure of such document, thing or answer to the officers, directors or employees of the other party could be harmful, the party may designate such information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents, things or answers designated as such shall constitute CONFIDENTIAL MATERIALS for purposes of this Order, including, without limitation, paragraph 7. However, documents, things or answers designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than those individuals described in subparagraphs (b) – (f) of paragraph 4 of this Order. The parties shall use all good faith efforts to substantially limit the designation of information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

11. Within sixty days of the final termination of these actions, receiving counsel shall destroy or return all CONFIDENTIAL INFORMATION and CONFIDENTIAL MATERIALS in its possession, custody or control, and all copies and samples thereof (except to the extent that such documents, things, copies and samples include or reflect receiving counsel's work product),

to counsel for the party who has provided them in discovery or certify that such materials have been destroyed. With respect to receiving counsel's work product and unless otherwise agreed to, this Protective Order shall survive the final termination of these actions, and counsel for each party shall certify the destruction of all such work product material or portions thereof containing CONFIDENTIAL INFORMATION and CONFIDENTIAL MATERIALS.

12. Any party may, within 30 days of the taking of a deposition, designate portions of the transcript as "CONFIDENTIAL" if CONFIDENTIAL INFORMATION or CONFIDENTIAL MATERIALS are revealed during the deposition and/or made exhibits to the deposition. Any portions of any transcript or the accompanying exhibits so designated shall be handled in accordance with the provisions of this Protective Order.

13. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as "CONFIDENTIAL" shall be prepared or furnished by the reporter to any person other than to the parties or their counsel. The original or any copy of any transcript of any deposition taken in these actions designated in part or in whole as "CONFIDENTIAL", if filed with the Court, shall be filed in Court under seal in accordance with paragraph 6, *supra*, unless otherwise agreed upon by the parties.

14. Other responses to discovery demands to the extent such responses are identified as "CONFIDENTIAL" shall be subject to the provisions of this Protective Order and shall be filed under seal in accordance with paragraph 6, *supra*.

SO ORDERED AND ADJUDGED, this the 6th day of October, 2011.

                                                 s/ Michael T. Parker
                                                 United States Magistrate Judge

**AGREED AND STIPULATED:**

/s/ P. Ryan Beckett
P. RYAN BECKETT (MB# 99524)
CHRISTY D. JONES (MB# 3192)
CHAD R. HUTCHINSON (MB# 100432)
MARK A. DREHER (MB# 100797)

/s/ David A. Manspeizer
DAVID A. MANSPEIZER (PRO HAC VICE)
PAUL M. WINKE (PRO HAC VICE)
BRIAN A. SUTHERLAND (PRO HAC VICE)

**ATTORNEYS FOR CYPRESS PHARMACEUTICALS, INC.**


/s/ Roy D. Campbell, III
ROY D. CAMPBELL, III

/s/ Christopher A. Riley
CINDY S. MANNING
CHRISTOPHER A. RILEY

**ATTORNEYS FOR CRS MANAGEMENT, INC.**

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| CYPRESS PHARMACEUTICALS, INC., and HAWTHORN PHARMACEUTICALS, INC. <br><br> Plaintiffs, <br><br> v. <br><br> CRS MANAGEMENT, INC., PRACS INSTITUTE, LTD., GATEWAY MEDICAL RESEARCH, INC., and BA RESEARCH INTERNATIONAL, L.P., <br><br> Defendants. | Civil Action No. 3:10-cv-00691-TSL-MTP |

**UNDERTAKING**

STATE OF _____
COUNTY OF _____

I, _____, being duly sworn, state that:

1. My present address is

_____.

2. My present employer is _____

and the address of my present employer is

_____.

3. My present occupation or job description is

_____.

4. I have received a copy of the Protective Order in this case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL MATERIALS or any words, substances, summaries, abstracts or indices of CONFIDENTIAL MATERIALS disclosed to me.

8. I will return all CONFIDENTIAL MATERIALS and summaries, abstracts and indices thereof, and copies thereof, which come into my possession and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, or to counsel by whom I am employed.

9. I understand that if I knowingly violate the provisions of this Protective Order I may be subject to sanctions by the Court and that the parties, or any of them, may assert other remedies against me.

_____

Date: _____ \_\_\_\_\_, 20\_\_\_\_.

Sworn and subscribed to before me this \_\_\_\_ day of _____, 20\_\_\_.

_____
Notary Public

7014604 v1